Forte, J.
This is an action for goods sold and delivered, a copying machine. The defendant in its answer filed a counterclaim under G.L.c. 93A alleging an unfair and deceptive practice.
There was evidence that the plaintiffs salesman and the defendant’s director agreed that the salesman would bring a Mita DC-131 copier to the defendant for a demonstration and trial. After the demonstration, when asked by the salesman, the director answered, “I’ll take it”. A sales order was written up. There was also evidence that the director was told that the machine would not be left at the defendant’s premises unless a sales order was signed; that the salesman would hold the order and not submit it to the plaintiff until the director informed him that he (the director) wanted the machine. Thereupon the director signed the sales order and a discussion followed as to how payments would be made. Within a day or two, the salesman was informed that the defendant didn’t want the copier and for the salesman to remove it. The salesman refused, stating that the defendant had purchased the machine. The plaintiff sent the defendant an invoice for the purchase price, although there was no evidence as to when this occurred.
At the close of the evidence, the plaintiff submitted nine requests for rulings, none of which raised the issue of the sufficiency of the evidence for either party. The judge allowed all requests for rulings with the notation “not as to facts’ ’ and entered findings for the defendant and for the defendant-in-counterclaim.
Thereafter, the plaintiff filed a motion to “amend/alter judgment” wherein he asked the court to change its finding to one for the plaintiff, to change its rulings on his requests to one “as to facts,” and to change the judgment to be consistent with a finding for the plaintiff. The reason stated in the motion is that the evidence “substantially support(s) a finding in favor of the plaintiff.”
Thereafter, the judge reaffirmed his ultimate findings but filed findings of fact. Basically, he found the copier was left as a demonstrator, and that the defendant decided not to purchase the machine; in fact, the defendant asked the salesman to remove it. The judge then gave two alternate conclusions for his ultimate finding: (1) the sales order was an offer by the defendant to purchase that required the plaintiff, other than the salesman, to accept the offer, and that the *140 defendant’s offer to purchase was withdrawn before the offer was accepted; and (2) the sales order was a contract of sale “on approval” and that within the time allowed, the defendant cancelled the order.
The plaintiff claims to be aggrieved by the general findings and that the general findings are not supported by the evidence.
Now on appeal the plaintiff wants to raise the issues: (1) of the sufficiency of the evidence; (2) whether the court was correct as a matter of law to find for the defendant; and (3) whether the trial judge was plainly wrong.
Unlike Mass. R. Civ. P. Rule 52(b), where the sufficiency of the evidence may be raised whether or not the issue was previously presented to the trial judge, Dist./Mun. Cts. P. Rule 52(b) differs. Pursuant to Dist./Mun. Cts. R. Civ.P., Rule 52(b), the issue of suffiency of the evidence is not open on appeal if no request for a ruling is submitted to the trial judge. Cole v. Cole, Mass. App. Dec. Ad. Sh. (1978) 68; Mitchell v. Commonwealth, Mass. App. Dec. Adv. Sh. (1978) 37. The purpose of requests for rulings of law is to separate questions of fact from questions of law. Graustein v. Dolan, 282 Mass. 579 (1933); Brodeur v. Seymore, 315 Mass. 527 (1944); DiGesse v. Columbia Pontiac Co., 369 Mass. 99 (1975). There being no requests for a ruling on the sufficiency of the evidence, this issue has not been preserved for appellate review.
Accordingly, the plaintiff must fail on his first two issues. Rule 52(a) of the Dist./Mun. Cts. R. Civ. P. does permit an appellate examination of whether the trial judge on findings of fact was “clearly erroneous”. However, this issue must also be preserved for appellate review. The appellate division deals with questions of law reported and no other. James J. Derba, Inc. v. Hamilton Service, Inc., 355 Mass. 127 (1969); Robert B. Our, Company, Inc. v. Barnstable County Construction, Inc., Mass. App. Dec. Adv. Sh. (1978) 24. In order to appeal a finding of fact on the grounds that such finding is “clearly erroneous”, there must be filed in the trial court a request for ruling that said finding is not warranted. Barton v. Cambridge, 318 Mass. 420 (1945); Carson v. Pleasant Valley, Inc. Mass. App. Dec. Adv. Sh. (1978) 497.
Even if the issue had been preserved, upon a careful examination of the reported evidence, we could not rule that the trial judge was in error, never mind clearly erroneous, in his alternative finding that the sales order was a contract for sale “on approval” and that the order was cancelled properly.
There being no error, the report is dismissed.