ALLSTATE INSURANCE COMPANY *vs.* JEFFREY BEARCE.

Middlesex. October 9, 1991. - April 13, 1992.

Present: LIACOS, C.J., WILKINS, LYNCH, O'CONNOR, & GREANEY, JJ.

*Practice, Civil,* Summary judgment. *Contract,* Insurance. *Insurance,* Motor vehicle insurance, Underinsured motorist, Construction of policy, Subrogation. *Subrogation.*

An insurer from whom payment was sought under identical underinsured motorist provisions in three insurance policies issued by the insurer either to a passenger injured in a single vehicle accident or to persons to whose household the passenger belonged was not entitled to reduce the amount due under its underinsured motorist coverage by the $25,000 it had previously paid to the injured passenger under medical payments provisions of the same policies. [444-449]

CIVIL ACTION commenced in the Superior Court Department on October 4, 1989.

The case was heard by *James F. McHugh,* J., on motions for summary judgment.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*Brian L. Bagby* for the defendant.

*Lawrence M. Slotnick* for the plaintiff.

O'CONNOR, J. Jeffrey Bearce was injured while he was a passenger in a motor vehicle involved in a single vehicle accident. The driver was solely responsible. Bearce sought payment from the plaintiff Allstate Insurance Company (Allstate) under identical underinsured motorist provisions in three insurance policies issued by that company either to him or to persons to whose household he belonged. Allstate sought a judgment in the Superior Court declaring that the amount due under the underinsured motorist provisions was reduced by an amount previously paid to Bearce under medi-

cal payments provisions of the same policies. Bearce asserted that no such reduction was appropriate. Both parties moved for summary judgment. A judge granted summary judgment to Allstate and denied Bearce's motion. Bearce appealed, and we transferred the case to this court on our own initiative. We reverse and remand for the entry of summary judgment declaring Bearce's entitlement to a payment unreduced by the payment made pursuant to the medical payments coverage.

An arbitrator assessed Bearce's total damages as a result of the accident at $175,000. The driver's insurer paid Bearce $52,000, consisting of $25,000 liability insurance, $25,000 underinsured coverage, and $2,000 personal injury protection coverage. Allstate paid Bearce $25,000 pursuant to its medical payments coverage, and then paid him $98,000 out of its $135,000 aggregate underinsured motorist coverage. Thus, Bearce received $175,000, the amount of his damages, partly from the driver's carrier and partly from Allstate. Bearce contends, however, that, in addition to the $52,000 paid by the driver's insurer, he was entitled to the $25,000 paid under his medical payments coverage plus $123,000, not $98,000, under his underinsured motorist coverage. According to Bearce, he is entitled to $175,000 plus $25,000. Bearce argues that Allstate was not entitled to take the $25,000 payment into account in figuring the amount of its underinsurance liability. The motion judge decided otherwise. He ordered summary judgment in favor of Allstate, reasoning essentially that, although a literal reading of the relevant language in the Allstate policies would seem to support Bearce's contention, the policies were designed to indemnify the insured against loss and to do no more, so that Bearce was not entitled to recover $25,000 for his medical expenses twice; he was not entitled to recover $175,000, his total damages, plus $25,000. The judge noted that " 'the general rule of law (and it is obvious justice) . . . is that (where) there is a contract of indemnity (it matters not whether it is a marine policy or a policy against fire on land, or any other contract of indemnity) and a loss happens, anything which reduces or

diminishes that loss reduces or diminishes the amount which the indemnifier is bound to pay.' *Travelers Ins. Co.* v. *Graye*, 358 Mass. 238, 240 (1970), quoting Arnould on Marine Insurance § 1225 (14th ed.)." We respectfully disagree with the motion judge for the reasons we set forth below. We hold that Allstate is not entitled to reduce the amount due under its underinsured motorist coverage by the $25,000 it paid pursuant to the medical payments coverage.

The underinsured motorist provision in Part 3 of the Allstate policies states:

> "Sometimes an owner or operator of an auto legally responsible for an accident is . . . underinsured. . . . Under this Part, we will pay damages for bodily injury to people injured . . . in certain accidents caused by . . . underinsured . . . autos. We will pay only if the injured person is legally entitled to recover from the owner or operator of the . . . underinsured . . . auto. . . . We consider an auto to be underinsured if the insurance . . . covering the auto or operator is not sufficient to pay for the damage sustained by the injured person.

> "We will pay damages to or for:

> "1. You, or any household member."

Part 3 also contains provisions prohibiting certain duplicate payments:

> "We will not make payments under this Part which duplicate payments made under the Uninsured or Underinsured Auto insurance of any other auto policy.

> "We have a right to reduce our payment under this Part by the amount recovered by an injured person from any legally responsible person who is uninsured.

> . . .

"We also have a right to reduce our payments by the amount the injured person is paid under a workers' compensation law or any similar law."

Part 6, relevant to medical payments, says:

"Under this Part, we will pay reasonable expenses for necessary medical and funeral services incurred as a result of an accident.

. . .

"We will also pay for expenses resulting from bodily injuries to you or any household member if . . . occupying someone else's auto at the time of the accident."

Part 6 contains the following language restricting duplicate payments:

"We will not pay under this Part for any expenses that are payable or would have been payable except for a deductible under the PIP [personal injury protection] coverage of this policy or any other Massachusetts auto policy.

. . .

"If someone covered under this Part is also entitled to Medical Payments coverage under another auto policy issued to you or any household member, we will pay only our proportionate share.

. . .

"We will not pay benefits under this Part which duplicate payments made under the Medical Payments coverage of any other auto policy."

In the "General Provisions and Exclusions" section, as follows, the Allstate policies also specify situations in which the insured, here Bearce, must repay Allstate.

"5. Our Right To Be Repaid

"Sometimes we may make a payment under this policy to you or to someone else who has a separate legal right to recover damages from others. In that case, those legal rights may be exercised by us. Anyone receiving payment under those circumstances must do nothing to interfere with those rights. He or she must also do whatever is necessary to help us recover for ourselves up to the amount we have paid. If we then recover more than we paid, we will pay that person the excess, less his or her proportionate share of the costs of recovery, including reasonable attorneys' fees.

"Sometimes you or someone else may recover money from the person legally responsible for an accident and also receive money from us for the same accident. If so, the amount we paid must be repaid to us to the extent that you or someone else recovers. We do not have to be repaid for any money we have paid under Medical Payments (Part 6). Whenever we are entitled to repayment from anyone, the amount owed us can be reduced by our proportionate share of the costs of recovering the money, including reasonable attorneys' fees."

The relevant facts, which we have set forth, have been established by stipulation of the parties. Summary judgment is appropriate when, as here, there are no disputed issues of material fact and the moving party is entitled to prevail as a matter of law. Mass. R. Civ. P. 56 (c), 365 Mass. 824 (1974). *Community Nat'l Bank* v. *Dawes*, 369 Mass. 550, 553 (1976). The only question here is which of the moving parties is entitled to prevail on the undisputed facts as a matter of law. The question is one of interpreting written con-

tract provisions, which is a question of law. *Cody* v. *Connecticut Gen. Life Ins. Co.*, 387 Mass. 142, 146 (1982).

There is no dispute that Bearce is entitled to at least $98,000 under Part 3, the underinsured motorist coverage, and to $25,000 under Part 6, the medical payments coverage. The only question is whether Bearce is entitled to an additional $25,000 under the underinsured motorist coverage, which would result in a duplicate reimbursement of medical expenses. Part 3 expressly disavows Allstate's obligation to pay underinsured motorist benefits that would duplicate payments made in three specified situations, but those situations do not include Allstate's having made a payment pursuant to medical payments coverage. Part 6 also expressly disavows a duty to pay medical expenses that would duplicate other specified payments, but none of those specified payments is a payment pursuant to Allstate's underinsured motorist coverage. The policies' recitation of situations in which Allstate will not be liable for duplicate payments, together with no mention in that recitation of duplicate payments under Allstate's underinsured motorist and medical payments coverage, leads to the conclusion, by application of the doctrine of exclusion by implication, that the latter type of duplication is not excluded. See *Hamlen* v. *Rednalloh Co.*, 291 Mass. 119, 123 (1935) ("The principle of construction invoked, namely, that the expression by the parties in a written instrument of certain things indicates their intention to exclude other unmentioned things, applies where it may reasonably be inferred that if the parties intended to include subjects to which no reference is made in the instrument they would have done so by the addition of appropriate words").

The conclusion that Allstate is not relieved from making duplicate payments under its underinsured motorist and medical payment coverages is reinforced by section 5, "Our Right to be Repaid," in the policies' "General Provisions and Exclusions." After focusing on Allstate's right to be repaid when the insured has also recovered from "the person legally responsible for an accident," thus excluding double payments in those circumstances, section 5 says, "We do not have to be

repaid for any money we have paid under Medical Payments (Part 6)." Thus, even were the insured to be made totally whole by a person responsible for the accident, so that any underinsured motorist payments made by Allstate would have to be returned to Allstate, the insured would be entitled to keep any payment made by Allstate under its medical payments coverage. The express language of the policies, then, clearly reflects the contemplation of the parties that payments under the medical payments coverage might properly result in the insured recovering a sum in excess of the loss caused by his accident.

"Normally, when there is no ambiguity, we will construe the words of an insurance policy according to their ordinary meaning. . . . [Of course] no matter how explicit the . . . language may be, it cannot prevail if it is contrary to the statutory language or the legislative policy of G. L. c. 175, § 113L." *Cardin* v. *Royal Ins. Co.*, 394 Mass. 450, 453 (1985). Nothing in the language or legislative policy of c. 175, § 113L (1990 ed.), the uninsured and underinsured motorist statute, is contrary to the unambiguous language contained in the Allstate policies in question. Section 113L "is designed 'to protect [the] public from injury caused by motorists who could not make the injured party whole,' subject, of course, to the limits provided in the insured's policies." *Cardin* v. *Royal Ins. Co.*, *supra* at 454, quoting *Surrey* v. *Lumbermens Mut. Casualty Co.*, 384 Mass. 171, 177 (1981). *Amica Mut. Ins. Co.* v. *Bagley*, 28 Mass. App. Ct. 85, 89 (1989). The statute is designed to ensure the availability of coverage to compensate, at least in part, an injured insured for his or her injuries caused by an underinsured motorist. Nothing in § 113L is inconsistent, however, with the instant policies which provide such compensation under Part 3 and additional medical payments coverage under Part 6. The driver's $52,000 coverage was $123,000 short of the amount needed to compensate Bearce for his injuries, and therefore Bearce is entitled to that amount from Allstate, since it is within the $135,000 limit of Allstate's underinsured motorist coverage. It is important to recognize that,

had the driver's insurer paid $175,000 to Bearce, Bearce still would have been able to turn to Allstate for an additional payment of $25,000 under his medical payments coverage. Allstate would have had no implied right of subrogation or other reason to deny that payment or, if it had been made, to retrieve it. *Frost* v. *Porter Leasing Corp.*, 386 Mass. 425, 426-430 (1982). The rule is otherwise with respect to an insurer's rights under a policy of property insurance. *Id.* at 428. See *Travelers Ins. Co.* v. *Graye*, 358 Mass. 238, 240-241 (1970), relied on by the motion judge. Thus, the policy language and legislative policy dictate that the summary judgment favoring Allstate be reversed and that the case be remanded to the Superior Court for the entry of a judgment declaring that Allstate is not entitled to reduce the amount due under its underinsured motorist coverage by the $25,000 it paid pursuant to the medical payments coverage.

*So ordered.*