Sherman, P.J.
This is an action for the plaintiffs recovery of a broker’s commission on the defendants’ sale of their residential property to the tenants of such property. The court allowed the defendants’ Dist./Mun. Cts. R. Civ. R, Rule 56 motion for summary judgment, and the plaintiff now claims to be aggrieved by that ruling.
The plaintiff alleged in its complaint that it was entitled to a broker’s commission pursuant to both a September 3, 1990 “Exclusive Right to Sell Listing Agreement” with the defendants, and Paragraph 29h of a lease executed in November, 1990 by the defendants and the tenants who purchased the property.
The defendants answered that the plaintiff’s right to a commission terminated upon the expiration of both the listing agreement and the lease. The defendants also counterclaimed for G.L.c. 93A damages for the plaintiff’s alleged unfair and deceptive action in instituting this suit.
The defendants’ summary judgment motion, supported by their affidavits and copies of two leases and two listing agreements, together with the plaintiff’s counter-affidavit and the pleadings, indicate the following: On September 3,1990, plaintiff Victor Company, Inc. (“Victor”) and defendants Vincent and Linda Chiozzi (“the Chiozzis”) executed an “Exclusive Right to Sell Listing Agreement” (“Agreement I”) for the sale of the Chiozzis’ home in Andover, Massachusetts. Agreement I required, inter alia, that Victor use “all reasonable efforts” to sell the property. In return, Victor was granted the exclusive right to sell the property for $209,900.00, and became entitled to a five (5%) percent commission if the property were sold within the three month term of Agreement I, or if the property were “sold, conveyed or otherwise transferred within 3 months after the [December 3,1990] termination of this agreement, to anyone shown the property through the listing office or subagent thereof.” This extension clause of Agreement I expired on March 3,1991.
In November, 1990, during the term of Agreement 1, Victor obtained tenants Lutz May and Jane Foster (“the tenants”) for the Chiozzis’ property. Victor received an eight (8%) percent fee for negotiating the written lease, executed by all parties which expressly provided for a six month term beginning January 6,1991. Paragraph 29h of the addendum to Lease I provided:
Should a sale result between Jane Foster and Lutz May and Vincent and Linda Chiozzi, a 5% commission is due the Victor Company, co-brok- . ing with Coldwell Banker.
*2 Paragraph 29a authorized the Chiozzis or their agent to show the leased premises for sale after April 21,1991. Lease I expired on July 6,1991.
On April 21,1991, Victor and the Chiozzis signed a second exclusive right to sell listing agreement (“Agreement II”) for a four month period which was identical in terms to Agreement 1. Agreement II expired on August 21,1991, and contained an extension clause entitling Victor to a commission if the property were “sold, conveyed or transferred” by November 21,1991 to anyone to whom Victor had shown the property.
On June 26,1991, the Chiozzis and the tenants signed a second six month lease of the property commencing July 6,1991 (“Lease II”). Victor did not participate in the negotiation or execution of Lease II which contained no provision for the payment of any broker’s commission. Para. 29a of Lease II authorized the Chiozzis or their agent to show the leased premises for sale after November 15,1991. Lease II expired on January 6,1992.
On March 24,1992, the Chiozzis and the tenants executed a purchase and sale agreement for the Andover property at a price of $200,000.00. The property was sold and conveyed on April 13,1992. Upon the Chiozzis’ refusal to satisfy Victor’s subsequent demand for a brokerage commission, this action ensued.
1. The burden rested upon the Chiozzis as the Rule 56 moving party, Pederson v. Time, Inc., 404 Mass. 14, 17 (1989); Capitol Bank & Tr. Co. v. Pre-Schools, Inc., 10 Mass. App. Ct. 907 (1980), to demonstrate affirmatively that there was no genuine issue of material fact in the present case, and that they were entitled to summary judgment in their favor as a matter of law. Dist./Mun. Cts. R. Civ. R, Rule 56 (c) , Allstate Ins. Co. v. Bearce, 412 Mass. 442, 446 (1992);Dolloff v. School Comm. of Methuen, 9 Mass. App. Ct. 502; 505 (1980). Viewing the Rule 56 materials presented by both parties in the light most favorable to Victor, Attorney General v. Bailey, 385 Mass. 370, 371 (1982), we conclude that there exists a genuine dispute as to dis-positive factual issues in this case which require further evidentiary exploration at trial, and that the allowance of the Chiozzis’ Rule 56 motion must, accordingly, be reversed.
2. In support of their summary judgment motion, the Chiozzis contend that Victor’s claim for a commission was specifically based on rights granted by Agreement I and Lease I, and that such rights terminated upon the expiration of said contracts well prior to the sale of the property to the tenants. Ordinarily, the construction of such unambiguous written contracts as those under consideration would present questions of law, Allstate Ins. Co. v. Bearce, supra at 446-447; Carpenters. Suffolk Franklin Sav. Bk., 370 Mass. 314, 322 (1976), suitable, at least conceptually, for disposition on summary judgment.
The “primary and inflexible” rule of contract construction, however, is that contracts must be interpreted so as to ascertain and effectuate the true intention of the parties. Shea v. Bay State Gas Co.; Camp Dresser & McKee, Inc., 383 Mass. 218, 225 (1981). A material issue of fact as to the parties’ intent was effectively raised by Victor’s Rule 56 counter-affidavit. It was therein averred by one Kelso, a broker employed by Victor who was familiar with the parties’ transaction, that with respect to Para. 29h of Lease I:
It was the intention of all parties that there be no time restriction relative to any sale to the tenants and commission due as the result of said sale.
This the Chiozzis deny, arguing that the parties incorporated Para. 29h into the Lease I addendum intending that such clause would remain operative only for the six month term of Lease I.
The parties’ dispute as to the intended effective time period of Para. 29h and the resulting uncertainty in applying this provision to determine whether Victor had any right to a broker’s commission at the time the property was sold, cannot be *3 resolved by resort to the language of Para. 29h which is devoid of any time limitation. The issue of the parties’ Para. 29h intent necessitates, therefore, a factual exploration at trial of extrinsic evidence of all relevant aspects of the parties’ transaction, including their negotiations, understanding of agreement terms and the circumstances of the execution of their contracts. Robert Indus., Inc. v. Spence, 362 Mass. 751, 753 (1973): USM Corp. v. Arthur D. Little Sys., Inc., 28 Mass. App. Ct. 108, 116-117 (1989); Keating v. Stadium Mgm. Corp., 24 Mass. App. Ct. 246, 249 (1987); Fred S. James & Co. of New England, Inc. v. Hoffman, 24 Mass. App. Ct. 160, 163 (1987).[2] The parties’ intent in this case was a question of fact, see generally Galotti v. United States Tr. Co., 335 Mass. 496, 501 (1957); Casey v. Gallagher, 326 Mass. 746, 749 (1951). and such questions of intent, knowledge or state of mind are rarely suitable for summary disposition under Rule 56. See generally, Pederson v. Time. Inc., supra at 17; Quincy Mut. Fire Ins. Co. v. Abernathy, 393 Mass. 81, 86 (1984).
In short, more substantial evidence than the Rule 56 materials advanced by the parties is needed to determine whether Victor was entitled to a commission upon the sale of the property to the tenants at any time, as Victor contends; within only the six month term of Lease I, as the Chiozzis argue; or within a reasonable time after the execution of Lease I, as may be implied by law in the absence of the parties’ contractual specification of a time period. Church v. Lawyers Morts. Invest. Corp., 315 Mass. 1,6 (1943). Whether the sale to the tenants on April 13,1992, nine months after the expiration of Lease I, was within a reasonable time so as to entitle Victor to a broker’s commission is a question of fact. H. Piken & Co., Inc. v. Planet Construc. Corp., 3 Mass. App. Ct. 246, 248 (1975).
In view of these and other factual issues arising from the parties’ contracts and competing claims which require a trial on the merits, the court’s summary judgment for the defendants is hereby vacated and its allowance of the defendants’ Rule 56 motion is reversed. This matter is returned to the Lawrence Division for trial. So ordered.

“When the written agreement, as applied to the subject matter, is in any respect uncertain or equivocal in meaning, all the circumstances of the parties leading to its execution may be shown for the purpose of elucidating, but not of contradicting or changing its terms... Expressions in our cases to the effect that evidence of circumstances can be admitted only after an ambiguity has been found on the face of the written instrument have reference to evidence offered to contradict the written terms . .. The facts and circumstances of the transaction, including the situation and relations of the parties, may be admitted for the purpose of applying the terms of the written contract to the subject matter and removing and explaining any uncertainty or ambiguity which arose from such application.” Keating v. Stadium Mgm. Corp., supra at 249-250.