Coven, J.
This is an action to recover a real estate broker’s commission on the defendants’ sale of their residential property. Upon a prior appeal to this Division by the plaintiff, we reversed the trial court’s entry of summary judgment for the defendants and returned the case to the Lawrence Division for trial.
The facts of this cases were explained in detail in our earlier decision, The Victor Company, Inc. v. Chiozzi, 1994 Mass. App. Div. 1, and will not be repeated here. It is sufficient to note that, after trial, judgment was entered for the plaintiff for a commission in the amount of five (5%) percent of the purchase price of the property, minus the amount the plaintiff had been paid as a fee for its preparation of the first lease agreement.
The defendants now claim to be aggrieved by the trial court’s denial of their requests numbers 2,3 and 4 which recited:
2. The sale to the tenants on April 13,1992, nine months after the expiration of Lease I was not within a reasonable time so as to entitle the Plaintiff to a broker’s commission.
3. The Plaintiff was not the efficient or predominating cause of the sale between the Defendants and the tenants.
4. The Defendant [sic], in bringing this lawsuit in spite of the evidence, willfully committed an unfair and deceptive practice within the meaning of Chapter 93A
All three of the defendants’ requests raised what were essentially questions of fact for the trial court as to efficient cause, reasonable time, Church v. Lawyers Mortgage Invest. Corp. of Boston, 315 Mass. 1, 7 (1943), and unfair and deceptive acts. See Noyes v. Quincy Mut. Fire Ins. Co., 7 Mass. App. Ct. 723, 726 (1979). Thus despite their caption as requests for rulings of law, Castano v. Leone, 278 Mass. 429, 431 (1932), the defendants’ requests improperly sought findings of fact not required by the evidence to which a party is not entitled upon mere request in a district court proceeding. Dist./Mun. Cts. R. Civ. R, Rule 52(a); Mastercraft Wayside Furn. Co. v. Sightmaster Corp., 332 Mass. 383, 387-388 (1955). There was no error in the court’s denial of requests 2,3 and 4.
The defendants did not file a request for ruling of law that the evidence warranted or required a finding in their favor. The defendants thus failed to preserve any issue as to the legal sufficiency of the evidence for appellate review. Reid v. Doherty, 273 Mass. 388, 389 (1930); New England Copy Specialists, Inc. v. Massa *241 chusetts State Pharmaceutical Assoc., 1983 Mass. App. Div. 139, 140.
Finally, a trial court’s findings of fact cannot be disturbed on appeal unless they are clearly erroneous or unwarranted by the evidence and the reasonable inferences to be drawn therefrom. Cox v. New England Tel. & Tel. Co., 414 Mass. 375, 384 (1993). In the instant case, the trial court made written findings resolving the dispositive issues of fact as to the intent of the parties based on the ambiguous language of the parties’ agreement, USM Corp. v. Arthur D. Little Systems, Inc., 28 Mass. App. Ct. 108, 116 (1989); Nelson v. Rebello, 26 Mass. App. Ct. 270, 272 (1988), and as to the sale of the property within a reasonable time. Church v. Lawyers Mortgage Invest. Corp. of Boston, supra at 7; H. Piken & Co. v. Planet Construc. Corp., 3 Mass. App. Ct. 246, 248 (1975). It cannot be ruled that the court’s findings were unsubstantiated by the reported evidence.
There being no error, the report is dismissed.
So ordered.