Dortch-Okara, J.
By its counterclaim, the defendant and plaintiff-in-counterclaim, Allstate Insurance Company (“Allstate”), seeks a declaration that the plaintiff and defendant-in-counterclaim, Eleanor DePasquale (“DePasquale”), has failed to comply with the conditions of the automobile insurance policy with Allstate and is thereby precluded from receiving the benefits sought under the underinsured motorist coverage provided in the policy. DePasquale denies Allstate’s allegations and says she is entitled to coverage.
The matter was tried, jury waived. Based upon all the credible evidence and the reasonable inferences therefrom, the court finds and rules as follows:
FINDINGS OF FACT
On July 2, 1986, DePasquale was involved in an automobile accident with a motor vehicle owned and operated by Andrea Carr. The impact of the collision caused DePasquale to sustain physical injuries for which she was treated on an outpatient basis at Lawrence Memorial Hospital. DePasquale’s automobile was insured by Allstate under a standard Massachusetts automobile insurance policy which included underinsured motorist coverage. The Carr vehicle carried bodily injury coverage of only $10,000.
DePasquale filed a report of loss with Allstate on July 9,1986 and, by late July, 1986, her attorney had notified Allstate of his representation. DePasquale made a claim for and received personal injury protection (“PIP”) benefits from Allstate until November 10, 1986. Allstate had scheduled an independent medical examination for DePasquale on four occasions between October 31, 1986 and November 7, 1986, but DePasquale caused the first three examinations to be rescheduled and declined to attend the last appointment. As a result, Allstate terminated DePasquale’s PIP benefits for what it described as “non-cooperation. ”
By letter dated November 21, 1990, DePasquale, through counsel, gave notice of her claim for underinsurance benefits arising from the July 2, 1986 accident. Within that letter, Attorney Christopher Flood advised Allstate that Ms. DePasquale sustained “severe” injuries and that Andrea Carr carried only $10,000 bodily injury coverage. DePasquale settled her personal injury claim against Carr on May 1, 1991 for $8,750 without having obtained the consent of Allstate.[2]
CONCLUSIONS OF LAW
In Massachusetts, the automobile insurer must provide underinsured and uninsured motorist coverage to its clients. G.L.c. 175, §113L(1). The purpose of this statute is to “compensate, at least in part, an injured insured for his or her injuries caused by an underinsured motorist” Allstate Ins. Co. v. Bearce, 412 Mass. 442, 448 (1992). Allstate, in compliance with G.L.c. 175, §113L(1) offered such protection to DePasquale and this fulfilled that portion of its legal obligation. Underinsured coverage is provided at Part 3 of the standard Massachusetts Automobile Insurance Policy under which DePasquale was insured.
The insured, like the insurer, must fulfill certain obligations in order to receive compensation to offset financial shortfalls resulting from accidents caused by negligent underinsured or uninsured motorists. See 3 I.E. Schermer, Automobile Liability insurance, §35.09 (2d ed. 1993 rev.). Here, DePasquale was required to obtain the consent of the insurer prior to any settlement with the underinsured motorist. Part 3 of the policy provides a part as follows:
If an injured person settles a claim as a result of an accident covered under this Part, we will pay that person only if the claim was settled with our consent. We will not be bound under this Part by any judgment resulting from a lawsuit brought without our written consent. We will not however, unreasonably withhold our consent.
Even though DePasquale is bound by this provision of her policy, violation of such a provision is not necessarily a bar to recovery. “An insurer must prove material prejudice resulting from its policyholder’s violation of a consent-to-settlement provision in order to rely on that violation as an affirmative defense to a claim for underinsured motorist coverage benefits.” Maclnnis v. Aetna Life & Casualty Co., 403 Mass. 220, 223 (1988). DePasquale asserts that Allstate cannot establish that it suffered material prejudice because Allstate could not have reasonably withheld its consent to the settlement reached between DePasquale and Carr. This argument is based on the premise that it would not be economically feasible, even if Carr has substantial assets, for Allstate to oppose a settlement which was only $1,250 short of the available bodily injury coverage. Even if DePasquale is correct that Allstate could only hope to recover $1,250 more than it would have had to pay out to DePasquale if it chose to litigate the case against Carr, that fact is not determinative of this matter.
*487 The insurer is entitled to make its own determination of whether it is in the insurer’s interest to consent to a settlement. In order to make an informed decision, Allstate would have had to be informed of DePasquale’s underinsured motorist claim earlier than 1990. Clearly, Allstate was denied the opportunity to investigate the tortfeasor’s assets where more than four years elapsed before it .was notified of DePasquale’s claim. This was over a year after the statute of limitations had run on DePasquale’s claim against Carr. Where prompt notice of the underinsured benefits claim against Allstate was not given, Allstate could not be expected to establish whether it was materially prejudiced by the settlement with Carr.
DePasquale had an affirmative obligation under the contract of insurance with Allstate to give prompt notice of her loss. The fact that her “severe” injuries would exhaust the $10,000 bodily injury limit contained in Carr’s policy should have been apparent long before November, 1990. In Royal-Globe Insurance Company v. Craven, 411 Mass. 629 (1992), the Supreme Judicial Court held that the insurer was prejudiced by notice given four months after the accident. Such notice was not prompt notice as required by the insurance policy so that recovery was barred.
Therefore, where DePasquale has failed to obtain the consent of Allstate to her third-party settlement, and Allstate has been denied the opportunity to show that it was materially prejudiced because of DePasquale’s four-year delay in giving notice of her claim for underinsurance motorist benefits, her claim is barred.
ORDER FOR JUDGMENT
With respect to the counterclaim of Allstate Insurance Company, judgment shall enter for Allstate, the plaintiff-in-counterclaim, against the defendant-in-counterclaim, Eleanor DePasquale.
A declaration shall enter that defendant-in-counterclaim, Eleanor DePasquale, has failed to comply with the conditions of her automobile insurance policy relative to the settlement of the third-party claim and is thereby precluded from receiving the benefits sought under the provisions of her underinsured motorist coverage.

DePasquale argues that the allegations contained in Allstate’s Amended Answer and Counterclaim are not properly before the court. Allstate moved on July 7, 1992 for a second time to amend its answer and counterclaim. That motion was allowed on July 13, 1992. DePasquale says the court may not consider the allegations concerning settlement for less than the policy limits and lack of consent to settle as Allstate failed to file an amended answer. That argument is without merit because Allstate set forth in full its Amended Answer and Counterclaim in the July 7, 1992 motion. In addition, the same allegations were raised as affirmative defenses in Allstate’s first amended answer.

The sole claim before the court is Allstate’s counterclaim. The plaintiffs complaint sought the appointment of an- arbitrator.