Borenstein, J.
Third-party defendant/cross-claim plaintiff Morse Diesel, Inc. (“Morse”) has filed amotion for summary judgment seeking indemnity from third-party defendant/cross-claim defendant Armor Kone Elevator Co, Inc. (“Armor”) for sums expended in defense and settlement of the claims against Morse. Armor has filed a cross motion for summary judgment in opposition. For the reasons set forth below, Morse Diesel’s motion for summary judgment is ALLOWED in part and DENIED in part.
BACKGROUND
Douglas Grant, while employed at Armor, slipped and fell on the garage ramp of the State Street Bank Building on February 5, 1990 and suffered a serious head injury. Grant sued Hexalon Real Estate, Inc. (“Hexalon”), LaSalle Partners, Inc. (“LaSalle”), and Unicco Services, Co., Inc. (“Unicco”), a contractor who provided snow and ice removal services on the subject premises. Hexalon and LaSalle thereafter filed a third-party action against Armor and Morse. Morse also brought a third-party action against Armor for indemnification, breach of contract, and negligence.
Hexalon, LaSalle, and Unicco settled with Grant for a total of $1.1 million; of this amount, Hexalon and LaSalle each paid $325,000. On April 16, 1996, Hexalon and LaSalle settled their claims against Morse *551 for a total amount of $15,000. Morse now seeks indemnity for the settlement and for all costs, legal fees, and other expenses incurred in its defense of the claims by Hexalon and LaSalle and in the prosecution of its claim against Armor.
DISCUSSION
This court grants summary judgment where there are no genuine issues of material facts and where the summary judgment record entitles the moving party to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, “and [further] that the summary judgment record entitles the moving party to judgment as a matter of law.” Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). A party moving for summary judgment who does not bear the burden of proof at trial must demonstrate the absence of a triable issue either by submitting affirmative evidence negating an essential element of the nonmoving party’s case or by showing that the nonmoving party is unlikely to submit proof of that element at trial. Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991); Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). “The nonmoving party cannot defeat the motion for summary judgment by resting on its pleadings and mere assertions of disputed facts . . .” LaLonde v. Eisnner, 405 Mass. 207, 209 (1989). The nonmoving party’s failure to prove an essential element of its case “renders all other facts immaterial” and mandates summary judgment in favor of the moving party. Kourouvacilis, supra, at 711 (citing Celotex v. Catrett, 477 U.S. 317, 322 (1986)).
Morse contends it is entitled to indemnity under its subcontract with Armor for the $15,000 settlement, attorneys fees, and other expenses incurred. Relying on this court’s May 6, 1996 decision that the indemnification clause is valid and that the facts of the underlying case triggered Armor’s duty to indemnify Hexalon and LaSalle,[5] Morse asserts that it is likewise entitled to indemnification for its expenses. Armor, however, claims indemnity is inappropriate because Morse’s settlement with Hexalon and LaSalle and the other expenses incurred did not arise from claims “on account of injury to persons” or “damage to property" within the meaning of the indemnification clause, but rather from a contractual dispute between Morse, Hexalon, and LaSalle. Furthermore, Armor contends that Morse is not entitled to indemnity for the cost of prosecuting the cross claim.
At the outset, Armor’s efforts to characterize the indemnity claim as a mere contractual dispute between Morse, Hexalon, and LaSalle are meritless. As previously found by this court, Armor could not prove that either Hexalon or LaSalle solely caused Grant’s injuries because a third party was responsible for removing snow and ice from the ramp upon which Grant fell. Because Armor was at least partially responsible for the accident, its conduct falls squarely within the scope of the subcontract’s indemnity clause, which requires it to indemnify Morse, Hexalon, and LaSalle from “all liability claims and demands on account of injury to persons . . . and damage to property arising out of this contract by Armor, its employees and agents ...” Having required Armor to indemnify Hexalon and LaSalle from Grant’s claim, it would be illogical to conclude that Armor is not likewise obligated to indemnify Morse for the claims arising from the same accident. It is irrelevant whether Morse is engaged in a contractual dispute with Hexalon and LaSalle because the precise terms of the subcontract require Armor to indemnify Morse for claims and demands arising from an injury such as Grant’s.
Having concluded that Armor is obligated to indemnify Morse, the court must now determine the extent of the expenses which Morse may recover. Under the indemnity provision, “Armor shall, at its own expense, pay all attorneys fees and all other expenses and promptly discharge any judgment arising therefrom.” The plain language of the agreement leaves no question that Morse must be indemnified for the $15,000 settlement, attorneys fees, costs and other expenses incurred in defending itself against the third-party claims asserted by Hexalon and LaSalle. However, this court agrees with Armor that Morse is not entitled to indemnification with respect to the third-party claim.
Absent a statute or contract specifically providing otherwise, parties generally cannot recover as damages the costs incurred in successful litigation against another party. Federal Deposit Ins. Corp. v. Fedders Air Conditioning, USA, Inc., 821 F.Sup. 50, 56 (D.Mass. 1993), aff'd in part, 35 F.3d 18 (1st Cir. 1994). Unless the language of a contract clearly expresses the intent of the parties to provide indemnification for attorneys fees and costs in litigation with one another, there is presumption against allowing such a recoveiy. This principle extends equally to third-party actions. Mutual Fire, Marine and Inland Ins. Co. v. Costa, 789 F.2d 83, 90 (1st Cir. 1986). In the instant case, the indemnity provision does not specifically state that Armor must pay legal fees and expenses incurred where Morse brings an action against Armor. Therefore, this court shall only require Armor to indemnify Morse for the attorneys fees, costs, and other expenses it incurred in defending the claims asserted by Hexalon and LaSalle.
ORDER
For the foregoing reasons, it is hereby ORDERED that third-party defendant/cross-claim plaintiff Morse Diesel, Inc’s motion for summary judgment is ALLOWED to the extent that Armor is required to pay its attorneys fees, costs, and other expenses in connection to defending itself against the claims asserted by *552 Hexalon Real Estate, Inc. and LaSalle Partners, Inc. It is further ORDERED that Morse Diesel’s motion is DENIED to the extent that it requests indemnity for expenses incurred in bringing its cross claim against third-party defendant/cross-claim defendant Armor Kone Elevator Co., Inc.

 See Memorandum of Decision and Order on Cross-Motions for Summary Judgment (May 6, 1996), 5 Mass. L. Rptr. No. 14, 311 (July 8, 1996). [Editor’s Note: For another opinion in this case see 5 Mass. L. Rptr. No. 14, 309 (July 8, 1996).]