Toomey, J.
Defendant/cross-claim plaintiff BASF Corporation, Inc. (“BASF”) has filed a motion for summary judgment seeking indemnity from defendant/cross-claim defendant Marshall Contractors, Inc. (“Marshall”) for sums expended in defense of the claims against BASF. Marshall has filed a cross-motion for summary judgment in opposition. For the reasons set forth below, BASF’s motion for summary judgment is ALLOWED in part and DENIED in part and Marshall’s motion for summary judgment is DENIED.
BACKGROUND
Mark E. Petit, while employed by Ostrow Electric Co., the electrical subcontractor, slipped and fell at a construction site owned by BASF on July 19, 1993. He alleges that he was injured when he slipped on a piece of drywall that was left on the floor in the area in which he was working. As a result of the accident, Petit brought a negligence action against BASF, the owner of the property, alleging that BASF was negligent for failing to maintain the premises in a reasonably safe condition. Petit also sued Marshall, the general contractor, alleging that Marshall breached its duty as a general contractor to “control, supervise and inspect” the premises. With respect to defendants Johanson & Graves, Inc., the mechanical subcontractor, and Admiral Diywall, Inc., the drywall subcontractor, Petit alleged that they performed the work that led, negligently, to the placement of the allegedly dangerous drywall debris on the floor of the job site. BASF then brought cross-claims against all defendants and the third-party defendant, Ostrow Electric, the electrical contractor and Petit’s employer, seeking indemnification. That cross-claim is the focus of the instant dispute between BASF and Marshall.
FACTS
BASF and Marshall had entered into a Construction Management Contract (“the Contract”) concerning the management and coordination of construction activities for a bioresearch facility to be constructed on BASF’s property in Worcester, Massachusetts. Pursuant to the Contract, as drafted by BASF, Marshall was to “manage, direct and coordinate all assigned construction activities in accordance with BASF’s technical, administrative and schedule requirements.” More particularly, Marshall was expected to manage the progress and quality of the work called for in the construction contract to determine that it was proceeding according to the contract documents, to manage the construction schedule, to obtain necessary contract interpretations from BASF, and to perform various other general contractor duties.
Pursuant to Article VIII of the Contract, Marshall agreed to indemnify and hold BASF harmless from and against:
(1) any and all liability imposed by reason of [Marshall’s] actual or asserted violation (due to the performance or non-performance by [Marshall] of its duties hereunder) of laws, regulations, ordinances or other rules of any government or quasi-governmental body or agency.
(2) any and all liability, damage, loss, cost, expense (including attorneys fees), claim, demand, suit, action, judgment or recovery for or on account of any damage or releases to the environment, bodily injury or death of persons or damage to property, including, but not by way of limitation, damage to property of [Marshall], owner, or others, or injury, death or damage to property of owner’s, contractor’s or any subcontractor’s officers, agents, employees, subcontractors or representatives, or in connection with any negligent acts or omissions of [Marshall] arising out of the performance or non-performance by [Marshall] of its duties hereunder, including without limitation, delegable or non-delegable duties imposed on [Marshall] or owner by law, except to the extent such injury, death or damage as is caused by the negligence of Owner . . .
BASF subsequently entered into contracts with the various subcontractors who would be performing the construction work on the project, including Admiral, Johanson and Ostrow.[2] The same BASF Lump Sum Construction Contract was used with each of the contractors. Pursuant to Article VIII of those contracts, Admiral, Johanson and Ostrow each contracted to “defend, indemnify and hold harmless” BASF from and against:
(2) any and all liability, damage, loss, cost, expense (including attorneys fees), claim, demand, suit, action, judgment or recovery for or on account of any injury to or death of persons . . . arising out of, or in any way occurring (i) directly or indirectly in connection with the Work or (ii) partly or wholly as a result of negligence of CONTRACTOR, any subcontractor or any officer, agent or representative of either CONTRACTOR or any subcontractor; and
(3) specifically, and without limiting item (b) above, any and all liability, damage, loss, costs, expense (including attorneys fees) claim, demand, suit, action, judgment or recoveiy for or on account of any and all injury to . . . CONTRACTOR’S or any subcontractor’s officers, agents, employees or rep *26 resentatives, arising out of, or in anyway occurring directly or indirectly with the Work, whether or not caused wholly or partly by negligence of OWNER or any agents, employees, subcontractors or representatives of OWNER.
Admiral and Johanson settled Petit’s claims against them in consideration of $17,500; Marshall, on behalf of itself and BASF, settled Petit’s claims against them for $40,000. BASF did not contribute to that settlement with Petit and has since recovered a total of $25,000 from Admiral, Johanson and Ostrow upon BASF’s claim against them for costs, expenses and attorneys fees pursuant to BASF’s contracts with these subcontractors. BASF now seeks indemnity from Marshall for costs, expenses and legal fees incurred in its defense of all of the claims against BASF.
DISCUSSION
Summary judgment shall be granted where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991); Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue and that, therefore, the moving party is entitled to judgment as amatter of law. Pederson v. Time, Inc., 404 Mass. 14, 17 (1989).
Interpretation of a written contract, including a contract for indemnity, is a question of law appropriately resolved upon a motion for summary judgment. Allstate Ins. Co. v. Bearce, 412 Mass. 442, 446-47 (1992); Speers v. H.P. Hood, 22 Mass.App.Ct. 598 (1986). The contract should be construed with reference to the situation of the parties when they made it and the obligation sought to be accomplished. Shea v. Bay State Gas Co., 383 Mass. 218, 223 (1981). “Indemnity provisions are not read with any bias in favor of the indemnitor and against the indemnitee.” Urban Inv. & Dev. Co. v. Turner Constr. Co., 35 Mass.App.Ct. 100, 107 (1993). Both BASF and Marshall assert in their respective motions that, there being no dispute as to the material facts, the only issue for this court to consider is whether the indemnity clause in the Contract obligates Marshall to cover the costs of BASF’s defense.
BASF contends that it is entitled to indemnity under its contract with Marshall and relies on this court’s decision in an earlier incarnation of this dispute, that the indemnification clause is valid and that the only bar to BASF’s recovery under that clause is the level of BASF’s negligence toward plaintiff. See Petit v. BASF, Civil No. 96-1814 (Worcester Super. Ct. Feb. 11, 1999) (Sosman, J.) (9 Mass. L. Rptr. 577). It follows, BASF reasons, that because it had no duty to the plaintiff, there can be no causal connection between BASF’s conduct and the injury suffered by plaintiff and, hence, no forfeiture of its right to indemnity from Marshall. Marshall, however, responds that its indemnity obligations are not established because BASF’s negligence remains disputed, because BASF did not contribute to the settlement of Petit’s claims and because the subcontractors had the primary defense obligation to BASF. Marshall asserts that it owes no indemnification either on a judgment for or a loss by BASF, but Marshall concedes that there does remain the question of indemnification by Marshall for BASF’s attorneys fees.
Both parties rely on this Court’s earlier decision, see supra, in support of their respective positions on the instant motion. In that decision, Judge Sosman ruled that BASF's non-negligence must be demonstrated in order for Marshall to be required to indemnify BASF, but that BASF’s negligence, vel non, cannot be determined on summary judgment. Petit v. BASF., supra n.3. This Court, however, need not reach the issue of indemnification by Marshall to BASF for the judgment, as it is undisputed that, because BASF contributed nothing to the settlement of the claims with Petit, BASF has not incurred any “loss” or “judgment” stemming from those claims and thus ought not to be indemnified for that which it did not pay out. And, we need not tarry over BASF’s entitlement to indemnification for its costs of defense because Judge Sosman ruled that the contract provision governing BASF’s indemnification also covers BASF’s expenses, including attorneys fees, in connection with Petit’s claims. See id.
Finally, the Court finds guidance in the holding of Grant v. Hexalon Real Estate, Inc., 7 Mass. L. Rptr. 550, 551 (Sept. 17, 1997) (Borenstein, J). In a case factually similar to that at bar and involving indemnification clauses between defendant contractors following the settlement of a slip and fall case, Judge Borenstein held that there is a presumption against allowing recovery under a valid indemnification clause where a party seeks indemnification for costs and attorneys fees incurred in both the original litigation and litigation with the indemnitor. Id. This Court is persuaded by the principle that, in cases where the contestants have engaged in litigation with each other, an obligation upon one to indemnify the other for fees and costs should result only where the indemnify provision specifically expresses the intent of the parties to provide for costs thus incurred. See id., citing Federal Deposit Ins. Corp. v. Fedders Air Conditioning, USA Inc., 821 F.Sup. 50, 56 (D.Mass. 1993), aff'd in part, 35 F.3d 18 (1st Cir. 1994). Therefore, unless the language of the instant indemnify provision recites clearly that Marshall must pay legal fees and expenses incurred by BASF in BASF’s action against Marshall, this Court will recognize the proposition that Marshall is only responsible to indemnify BASF for costs and fees incurred in defending the claims asserted in the original action by Petit.
In the case at bar, the indemnify provision does not specifically state that Marshall must pay attorney fees and expenses incurred by BASF in its action against Marshall. This court, therefore, will require only that Marshall indemnify BASF for the attorney fees and expenses BASF incurred in defending the claims as *27 serted by Petit and only to the extent that said fees and costs have not been indemnified and covered in full by the payments of Admiral and Johanson. To that end, the parties may, in the absence of an agreement as to the quantum of such fees and costs, offer additional submissions in aid of the court’s determination of amounts properly attributable to BASF’s defense against Petit’s claim.
ORDER
It is hereby ORDERED that BASF’s motion for summary judgment is ALLOWED in part and DENIED in part and Marshall’s motion for summary judgment is DENIED.

 Marshall, under the terms of its Contract with BASF, acted as an agent of BASF in the selection and hiring of the subcontractors on this project. The subcontractors then contracted directly with BASF.