Toomey, J.
INTRODUCTION
This matter is before the court on the motion of defendant BASF to amend the final judgment entered by this court on January 4, 2002. Specifically, BASF requests that defendant Marshall Contractors, Inc. (“Marshall”) be ordered to pay BASF pre-judgment interest on attorneys fees and costs, heretofore ordered, from October 2, 2000. Marshall opposes the motion, arguing that prejudgment interest should be calculated only from November 8, 2001.
For the following reasons, the court finds that prejudgment interest on attorneys fees should be calculated as of April 12, 2001.
BACKGROUND
This dispute arises from a 1996 action in which the plaintiff in the underlying case, Mark E. Petit, an employee of Ostrow Electric, slipped and fell on a piece of drywall left on the floor at a construction site on the BASF premises. Marshall was the general contractor *357 on a project to construct a bioresearch facility for BASF, and Ostrow was one of several sub-contractors involved in the project.
Prior to the start of work upon the project, Marshall and the subcontractors entered into contracts with BASF by which BASF would be indemnified for its defense in the event of suits such as that subsequently brought by Petit. After he was injured, Petit brought suit as follows: against BASF for negligence; against Marshall for breach of its duty to control, supervise and inspect the premises; and against mechanical subcontractor Johanson & Graves and drywall subcontractor Admiral Drywall for negligence in doing the work that resulted in the presence of drywall debris on the floor. Marshall brought a third-party action against Ostrow. Admiral and Johanson settled with Petit for $17,500. Marshall settled the claims against it and BASF for $40,000, to which BASF did not contribute. In addition, BASF recovered $25,000 jointly from Admiral, Johanson and Ostrow.
BASF sought indemnification from Marshall for all costs, expenses and legal fees incurred in its defense of all claims against BASF. On February 11, 1999, this court (Sosman, J.) denied BASF’s first motion for summary judgment against Marshall. 9 Mass. L. Rptr. 577. Judge Sosman found that, under the contract language, BASF was not entitled to indemnification unless its own negligence had been excluded as a cause of the injury to Petit.[2]
After the various subcontractors had settled with Petit, BASF and Marshall filed cross motions for summary judgment on the claim for indemnification of legal fees. On April 12, 2001, this court (Toomey, J.) found that, under the contract with Marshall, BASF was not entitled to indemnification for all costs and legal fees incurred in its defense of all claims against BASF, but only for the fees and costs incurred in the original action brought by Petit and only to the extent that those legal fees had not been indemnified or otherwise covered by payments made to BASF by Admiral and Johanson. 13 Mass. L. Rptr. 25.
On November 8, 2001, the court (Toomey, J.) allowed BASF’s motion for judgment in the amount of $42,820.47. On December 12, 2001, Marshall moved for reconsideration of the court’s order.[3] On January 25, 2002, BASF sought to amend the final judgment, seeking prejudgment interest on attorneys fees from October 2, 2000, the date of its original motion to assess attorneys fees and costs. Marshall responded that prejudgment interest on attorneys fees ought to be calculated from November 8, 2001, the date on which the court assessed final judgment against Marshall in the amount of $42,820.47.
DISCUSSION
Prejudgment interest compensates the prevailing party for loss of the use of money that “that party, as determined by the judgment, should have had in the first place and not been obliged to chase.” City Coal Company of Springfield, Inc. v. Noonan, 434 Mass. 709, 716 (2001). Thus, “the damaged party is entitled to a return on the money that the party would have had but for the other party’s wrongdoing.” McEvoy Travel Bureau, Inc. v. Norton Co, 408 Mass. 704, 717 (1990). At bar, there can be no suggestion of wrongdoing by Marshall prior to the court’s April 12, 2001 determination of the proper scope of the indemnification.[4] Marshall’s interest obligation should not, therefore, be held to pre-exist April 12, 2001.
Marshall goes further, however, contending that it should not be responsible for prejudgment interest before November 8, 2001, the date on which the court actually assessed fees and costs. Marshall’s point is that it could not have been aware of the amount of its obligation until November 8, 2001, and that its interest burden should start on that date. That argument is not persuasive. To its original October 2, 2000 motion for attorneys fees and costs, BASF attached an affidavit from its attorney as well as copies of billed and paid invoices through October 2, 2000, thus informing Marshall of BASF’s expectations. Consequently, Marshall was aware of the amount BASF claimed for fees and costs on or about October 2, 2000 and well before the court’s November 8, 2001 order.
The interest on the recovery in a contract dispute is added to the amount of damages from the date of the breach or demand if that date is established; otherwise, the date of the commencement of the action is to be used in the calculus. G.L.c. 231, §6C.[5] At bar, the parties disputed the quantum of the legal fees as to which BASF was entitled, by contract, to indemnification. That dispute was not resolved until April 12, 2001, when this court found that BASF was entitled to indemnification only for the legal fees incurred in the original action brought by Petit. Because the scope of Marshall’s indemniiy obligation for BASF’s legal fees was not resolved until April 12, 2001, the date of the breach may not reasonably be said to have occurred before that date. Marshall was aware, on October 2, 2000, of the amount and nature of the legal fees claimed by BASF, and Marshall was formally on notice, on April 12, 2001, of the amount of legal fees owed to BASF. The fact that the court did not compute the actual amount to be paid to BASF until November 8, 2001, does not alter the analysis of when the breach by Marshall occurred.
CONCLUSION
The breach of Marshall’s obligation to indemnify BASF for legal fees and costs did not reasonably arise until April 12, 2001, when this court determined the proper scope of the indemnification. At that time, Marshall had been aware of the nature and amount of the fees claimed by BASF since October of 2000. Consequently, prejudgment interest on the indemnification for fees and costs should be calculated as of April 12, 2001.
*358 ORDER
For the foregoing reasons, it is hereby ORDERED that prejudgment interest on Marshall’s indemnification of BASF’s fees and costs shall be calculated as of April 21, 2001.

 The contract provides that the indemnification provision applies “except to the extent such injury, death or damage as is caused by the negligence of [BASF].”

 Although Marshall had, in its motion for reconsideration, sought a reduction for BASF’s attorneys fees incurred in preparing the initial motions for summary judgment, the parties now agree that the only remaining disputed issue is the date on which prejudgment interest on the legal fees begins to accrue.

 In its decision, the court limited the indemnification to the legal fees and expenses BASF incurred in defending the claims brought by Petit, and only to the extent that those fees and costs had not been indemnified and covered in lull by the payments of other co-defendants.

 The statute provides, in pertinent part: "In all actions based on contractual obligations, upon a verdict, finding or order for judgment for pecuniary damages, interest shall be added ... to the amount of damages ... at the rate of twelve per cent per annum, from the date of the breach or demand. If the date of the breach or demand is not established, interest shall be added ... at the rate of twelve per cent per annum from the date of the commencement of the action.”